UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDWARD THOMAS KENNEDY,

    Plaintiff,

v.

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS, *et al.*,

    Defendants.

Civil Action No. 18-2697 (UNA)

## MEMORANDUM OPINION

The plaintiff's claims purportedly arise "in AN [SIC] Memorandum and Order in Civil Action No. 18-11856-PBS, ECF 6, and Order and Dismissal, ECF 7, filed October 30, 2018." Compl. ¶ 43, filed in the United States District Court for the District of Massachusetts. The documents to which the plaintiff refers are the Memorandum Opinion and Order of Dismissal by Chief Judge Saris, who dismissed the plaintiff's complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). *See Kennedy v. Commonwealth of Massachusetts*, No. 18-cv-11856 (D. Mass. Oct. 30, 2018). The plaintiff brings this action against Chief Judge Saris, the Clerk of Court, a deputy Clerk of Court, and the court itself, *see* Compl. ¶¶ 4-6, for assorted harms for which the plaintiff demands monetary damages, *see id.* ¶¶ 47-48, among other relief.

Chief Judge Saris enjoys absolute immunity from liability for damages for acts taken in her judicial capacity. *See Mirales v. Waco*, 502 U.S. 9 (1991) (finding that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Stump v. Sparkman*, 435 U.S. 349, 364 (1978) (concluding that state judge was "immune from damages liability even if his [decision] was in error"). Without question, a judge's dismissal of a civil action is an action

taken in her judicial capacity. *See Thomas v. Wilkins*, 61 F. Supp. 3d 13, 19 (D.D.C. 2014) (finding that "judge's decision to file or deny a party's motions or requests is an action routinely performed by a judge in the course of litigation, and thus would constitute a judicial act immune from suit"), *aff'd*, No. 14-5197, 2015 WL 1606933 (D.C. Cir. Feb. 23, 2015). Absent any showing by the plaintiff that Chief Judge Saris' "actions [were] taken in the complete absence of all jurisdiction," *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (citation omitted), she is "immune from damage suits for performance of tasks that are an integral part of the judicial process," *id.* at 1461 (citations omitted).

The Clerk of Court and his deputy, too, are protected. "It is well established that judicial immunity 'extends to other officers of government whose duties are related to the judicial process.'" *Roth v. King*, 449 F.3d 1272, 1287 (D.C. Cir. 2006) (quoting *Barr v. Matteo*, 360 U.S. 564 569 (1959)). Accordingly, the plaintiff's claims against these defendants fail. "Clerks, like judges, are immune from damage suits for performance of tasks that are an integral part of the judicial process." *Sindram*, 986 F.2d at 1460. "The clerk or deputy clerk's receipt and processing of a litigant's filings are part and parcel of the process of adjudicating cases," *Sibley v. U.S. Supreme Court*, 786 F. Supp. 2d 338, 344 (D.D.C. 2011), and claims against such employees properly are dismissed, *see Young v. Levitan*, No. 1:18-CV-02045, 2018 WL 5817356, at *1 (D.D.C. Nov. 5, 2018).

The Court will grant the plaintiff's application to proceed *in forma pauperis* and will dismiss the complaint. An Order consistent with this Memorandum Opinion is issued separately.

DATE: December 31, 2018

/s/ Randolph D. Moss
United States District Judge